IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARTIN ALLEN JOHNSON,                                        CV. 06-252-MA

        Petitioner,                                 OPINION AND ORDER

  v.

EDWARDS REILLY, Chairman,
United States Parole
Commission, et al.,

        Respondents.


Martin Allen Johnson
Inmate No. 56167-065
Oregon State Penitentiary
2605 State Street
Salem, Oregon 97310

    Petitioner, *Pro Se*

Karin J. Immergut
United States Attorney
Scott Erik Asphaug
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204

    Attorneys for Edwards Reilly and the
    United States Parole Commission

///

///


1 -- OPINION AND ORDER

Hardy Myers
Attorney General
Dennis M. Vannier
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301

    Attorneys for the State of Oregon and Warden

MARSH, Judge

    Petitioner, an inmate at the Oregon State Penitentiary, brings this action pursuant to 28 U.S.C. §§ 1361 and 2241. For the following reasons, petitioner's habeas corpus petition (#1) is DENIED, and this proceeding is DISMISSED.

## BACKGROUND

    On August 14, 1986, petitioner was convicted in this court of possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and felon in possession of firearms. Johnson v. United States, 1992 WL 55667 *1 (9th Cir. Mar. 17, 1992). Petitioner was sentenced to an aggregate twenty-two-year prison sentence, with a six-year special parole term. Id.; United States v. Johnson, 1997 WL 669904 *1 (Oct. 20, 1997).

    On August 30, 1993, petitioner was released on parole. Johnson, 1997 WL 669904 *1. Petitioner was terminated from regular parole on December 31, 1996, and commenced his six-year special parole term on March 1, 1997. Id.; Johnson v. Reilly, 349 F.3d 1149, 1152 (9th Cir. 2003); Petition at 3-4.

In 1998, petitioner became the prime suspect in an Oregon murder. Johnson, 349 F.3d at 1152. Additionally, petitioner's brother accused petitioner of stealing a car and other personal items. Id. On March 3, 1998, the U.S. Parole Commission issued a special parole violator's warrant, setting forth three grounds for re-taking petitioner into custody: (1) petitioner had stolen his brother's car; (2) petitioner had moved without advising his parole officer of his new address; and (3) petitioner had failed to report to work after discovery of the body and during the ensuing investigation. Id., Petition at 3-4. The warrant included the following note:

> "If parolee is already in the custody of federal or state authorities, do not execute this warrant. Place a detainer and notify the Commission for further instructions."

Johnson, 349 F.3d at 1152.

Shortly thereafter, three Oregon counties issued separate indictments and criminal arrest warrants against petitioner. Id. On February 20, 1999, U.S. Marshal Deputies arrested petitioner in Florida, "relying on the Commission's parole term violator warrant". Id. & Petition at 4. Several days later, however, the deputies informed the Parole Commission that its warrant had not been executed. Johnson, 349 F.3d at 1152-53. The Commission declined the deputies' offer to execute its warrant at that time

3 -- OPINION AND ORDER

and advised the deputies to execute a Washington County arrest warrant on aggravated murder charges. <u>Id.</u> at 1153.

On March 11, 1999, the Commission lodged the original 1998 warrant as a detainer in Washington County, Oregon. <u>Id.</u> On June 27, 2001, and July 11, 2001, the Commission supplemented its warrant with state rape, sexual abuse, and aggravated murder charges. <u>Id.</u>

On August 14, 2001, petitioner was convicted of aggravated murder and sentenced to death. <u>Id.</u> His conviction recently was affirmed by the Oregon Supreme Court. <u>State v. Johnson</u>, 340 Or. 319, 131 P.3d 173 (2006), <u>petition for cert. filed</u>, Aug. 9, 2006.

## **DISCUSSION**

Petitioner brings this action seeking to compel the U.S. Parole Commission to conduct an immediate and expedited "parole hearing" "for the March 3, 1998, warrant and supplemental of that same warrant in 2001"; conduct a timely dispositional review of the detainer placed with the Oregon Department of Corrections; and credit petitioner for "street time" and "jail time" toward his 6-year term of special parole. Petition at 2 & 21.

The Ninth Circuit previously held that petitioner is not entitled to a parole revocation hearing because the addition of the new charges in 2001 to support the detainer "constituted the issuance of a 'new warrant' which has *not* been executed." <u>Johnson</u>,

4 -- OPINION AND ORDER

349 F.3d at 1155.  Petitioner attempt to relitigate this issue is an abuse of the writ.  28 U.S.C. § 2244(a).

Moreover, petitioner is not entitled to credit against his federal sentence because mere issuance of an *unexecuted* warrant does not cause petitioner to accrue credit on his federal sentence while in state custody.  <u>Berg v. U.S. Parole Comm.</u>, 735 F.2d 378, 379 (9th Cir. 1984).

With regard to petitioner's request that the Commission review his detainer, Respondents Reilly and the U.S. Parole Commission concede that the Commission erroneously failed to conduct a dispositional review.  Respondents represent that the Commission has now "commenced the process for a dispositional review on the record as required by 18 U.S.C. § 4214(b)(1) so that the Commission can review its detainer."  (Respondents' Answer at 8.)

Petitioner has failed to make a fact-specific showing of prejudice caused by the Commission's delay *in conducting a dispositional review*.  Accordingly, habeas relief is not warranted.  <u>Poyner v. U.S. Parole Comm'n.</u>, 878 F.2d 275, 277 (9th Cir. 1989).  Moreover, because the dispositional review process has been commenced, mandamus relief is not warranted.

## CONCLUSION

Based on the foregoing, petitioner's petition for a writ of habeas corpus (#1) is DENIED and this proceeding is DISMISSED, with prejudice.  Petitioner's motions for oral argument, evidentiary

5 -- OPINION AND ORDER

hearing, and to amend "to add civil rights violations . . . and other claims as they become ripe" (#17, #18 & #21) are DENIED. Petitioner's motion for appointment of counsel for death penalty case (#20) is DENIED on the basis that this proceeding does not involve petitioner's capital case.

    IT IS SO ORDERED.

    DATED this _19___ day of September, 2006.

    _/s/ Malcolm F. Marsh_____
    Malcolm F. Marsh
    United States District Judge